UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Regenia McQueen Teasley, | ) | C/A: 2:14-4862-PMD-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

This is a civil action filed by the Plaintiff, Regenia McQueen Teasley, pro se, and is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)[pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding



that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). Such is the case here.

### Discussion

Plaintiff, who lives in Kentucky,[1] claims to be an heir to certain real property in South Carolina. She appears to allege that she was supposed to inherit property that was owned by her father, William McQueen, who passed away in 1972. Complaint, ECF No. 1 at 3. Plaintiff asserts that her father's estate remains unsettled (it appears he died without a will) in Charleston. She alleges that in 1975 her father's estate "was suppose[d] to go into litigation, but it was rescheduled" and former South Carolina Governor James B. Edwards unconstitutionally signed a quit claim deed 'claiming properties of [Plaintiff's] late father.'" Id. Plaintiff also claims that "another William

---

[1] It is unclear Plaintiff's basis for jurisdiction, although she may be asserting her claims based on diversity jurisdiction, as she appears to be a resident of Kentucky.

McQueen was created." Plaintiff states that in 1990 there was a division of her grandfather's[2] property and "[e]veryone was placed in default except [Plaintiff]." Id. She also complains about ownership of some property located in Berkeley County. Plaintiff asserts that her half sister changed her [the sister's] name, made a filing that she [the sister] was William McQueen's only daughter, and received part of William McQueen's estate. ECF No. 1 at 4. Plaintiff asserts that she has "inheritance waivers as well as a document called a 'Letter' for the properties of [her] late father. But Greg Edwards of Probate Court in Charleston is blocking [Plaintiff's] claim." Id. Additionally, Plaintiff claims that her grandfather's property is wrongly listed under the name William Martin McQueen instead of "his son, the real William McQueen." Id. Plaintiff's requested relief is for the Court "to have the State of SC honor [her] 'tax waivers,' that [have] been issued to [her] and the 'Letter' that was filed in Columbia SC." Id. at 5.

Plaintiff attached various documents to her Complaint. These include copies of correspondence with State of South Carolina officials and the Probate Judge of Charleston County; a copy of a quit claim deed dated May 2, 1973; a Title to Real Estate dated May 2, 1978; and tax waivers dated in 1990 and 1992. See ECF No. 1-1.

To the extent Plaintiff is asking this Court to probate or annul a will or to administer her father (or grandfather's) estate or to require this Court to dispose of property that is still in the custody of the South Carolina probate court, "the well-established 'probate exception' to diversity jurisdiction maintains that 'the federal courts have no jurisdiction over matters within the exclusive jurisdiction of state probate courts.'" Beattie v. J.M. Tull Foundation, 941 F.Supp. 57, 58 (D.S.C. 1996); see Turja v. Turja, 118 F.3d 1006, 1008-10 (4th Cir. 1997) [explaining that matters relating



---

[2]Joseph McQueen, who passed away in October 1918.

3

to the administration of an estate or probate of a will are outside federal court jurisdiction]. In such cases, "[t]he jurisdictional matter can be decided by determining whether the action could be maintained in a state court of general jurisdiction in the state where the federal court sits." Id. The United States Supreme Court narrowed the probate exception in Marshall v. Marshall, 547 U.S. 293 (2006), stating that it "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside of those confines and otherwise within federal jurisdiction." Marshall, 547 U.S. at 311-12. In reaching its decision, the Supreme Court reiterated the "interference" language in Markham v. Cabell, 326 U.S. 404 (1945) that "federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees, and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Id. at 310 (citing Markham, 326 U.S. at 494). The Fourth Circuit Court of Appeals recently noted that, "after Marshall, the probate exception is limited to two categories of cases: (1) those that require the court to probate or annul a will or to administer a decedent's estate, and (2) those that require the court to dispose of property in the custody of a state probate court." Lee Graham Shopping Center, LLC v. Estate of Kirsch, 777 F.3d 678, 680-681 (4th Cir. 2015). Thus, this Court lacks jurisdiction over any requests by Plaintiff for this Court to administer the estates of her father or grandfather or to dispose of property in custody of a South Carolina probate court, and any such claims by Plaintiff are therefore subject to summary dismissal.



Plaintiff may be attempting to appeal the actions of the South Carolina probate court. However, federal district courts do not hear "appeals" from state court actions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983)[a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257]; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Thus, Plaintiff may not use a civil rights action to challenge the determinations or rulings of state courts. See Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986) ["It is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."]. Further, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986); see also Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir.1981); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587–588 & nn. 2–4 (4th Cir. 1969) [holding that federal district courts and United States Courts of Appeals have no appellate or supervisory authority over state courts].

Hence, to the extent that Plaintiff is requesting relief that would require this Court to overrule and reverse orders and rulings made in the state court, such a result is prohibited under the Rooker–Feldman doctrine.[3] Davani v. Virginia Dep't. of Transp.,434 F.3d 712, 719-720 (4th Cir. 2006); see Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 293-294 (2005); Jordahl v. Democratic Party of Va., 122 F.3d 192, 201 (4th Cir. 1997). Additionally, to the extent

---

[3]The Rooker-Feldman doctrine is jurisdictional, so it may be raised by the Court sua sponte. American Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003).

Plaintiff is requesting mandamus relief against state officials or to review state court orders, this Court again does not have jurisdiction to do so. See Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969); In re Payne, No. 08-1788, 2008 WL 5207317, at * 1 (4th Cir. Dec. 12, 2008).

       This action is also subject to dismissal as to any claims by Plaintiff for personal injury or fraud because Plaintiff's claims are barred by the applicable statute of limitations. The Fourth Circuit has recognized that the statute of limitations may be addressed sua sponte when such a defense appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, see Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed in forma pauperis pursuant to 28 U.S.C. § 1915, see Nasim v. Warden, Md. House of Corr., 64 F.3d at 953–54. In Nasim, the Court concluded that, in evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense sua sponte when the face of the complaint plainly reveals the existence of such defense. Id.; see also Hunterson v. Disbabato, 244 F. App'x 455 (3d Cir. 2007) [a district court may sua sponte dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations period has run]; Castillo v. Grogan, 52 F. App'x 750, 751 (6th Cir. 2002)[district court may sua sponte dismiss complaint as time-barred when the defect is obvious]; Alston v. Tennessee Dep't of Corrs., 28 F. App'x 475 (6th Cir. 2002)["Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate.]; Fraley v. Ohio Gallia County, 1998 WL 789385 * 1 (6th Cir. Oct. 30, 1998)[affirming sua sponte dismissal of pro se § 1983 action filed after two year statute of limitations for bringing such an action had expired]; Pino v. Ryan 49 F.3d 51, 53–54 (2d Cir. 1995)[concluding that district court can raise statute of limitations defense sua sponte in

6

evaluating complaint filed pursuant to § 1915]. Under South Carolina law, the statute of limitations for a personal injury claim or for fraud is three years. See S.C.Code Ann. § 15–3–530. Here, the alleged incidents occurred well over three years before this action was filed.

Finally, the State of South Carolina is entitled to Eleventh Amendment immunity as to any claims by Plaintiff for monetary damages.[4]  The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a

---

[4]The State of South Carolina is the only Defendant named in the Complaint.  In response to an order dated March 17, 2015 directing Plaintiff to get her case into proper form by providing a summons form and a Form USM-285 for Defendant, Plaintiff failed to do so, instead submitting summons forms and Forms USM-285 for the United States Attorney for the District of South Carolina, the Attorney General of the United States, and James B. Edwards.  These persons have not been named as defendants in this action.  Further, Plaintiff has asserted no facts or allegations concerning any actions or inactions by the United States Attorney for District of South Carolina or the Attorney General of the United States.  Additionally, the James B. Edwards cited by Plaintiff appears to be former Governor Edwards, and records from the Charleston County Probate Court indicate he passed away on December 26, 2014. See www3.charlestoncounty.org/docs/ProbateMain. html (last visited April 22, 2015).  This Court may take judicial notice of factual information located in postings on government websites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records].



State filed by its own citizens]; <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978); <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 61-71 (1989); <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting <u>Ford Motor Co. v. Dep't. of Treasury</u>, 323 U.S. 459, 464 (1945));[5] <u>see also</u> <u>Harter v. Vernon</u>, 101 F.3d 334, 338-39 (4th Cir. 1996); <u>Bellamy v. Borders</u>, 727 F. Supp. 247, 248-50 (D.S.C. 1989); <u>Coffin v. South Carolina Dep't of Social Servs.</u>, 562 F. Supp. 579, 583-85 (D.S.C. 1983); <u>Belcher v. South Carolina Bd. of Corrs.</u>, 460 F. Supp. 805, 808-09 (D.S.C. 1978).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, <u>Pennhurst</u>, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. The South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

_____

[5]Although Plaintiff has named no individuals as party Defendants, even if she had, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and neither a State nor its officials acting in their official capacities are "persons" under § 1983. <u>Will v. Michigan Dep't. of State Police</u>, 491 U.S. at 71 (citing <u>Brandon v. Holt</u>, 469 U.S. 464, 471 (1985)). As such, it is no different from a suit against the State itself. <u>See</u>, <u>e.g.</u>, <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-166 (1985); <u>Monell v. New York City Dep't. of Social Servs.</u>, 436 U.S. 658, 690, n. 55 (1978).

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

April 24, 2015
Charleston, South Carolina

9

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



10